**Armando RIVAS–SOLIS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–72921.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 21, 2012.

Michael T. Purcell, Portland, OR, for Petitioner.

Oil, John Hogan, Senior Litigation Counsel, Edward Earl Wiggers, Esquire, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Armando Rivas–Solis, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), and we deny the petition for review.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA correctly concluded that Rivas–Solis is ineligible to adjust status because he is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) for having accrued more than one year of unlawful presence in the United States and then reentering without admission. *See Garfias–Rodriguez v. Holder*, No. 09–72603, 702 F.3d 504, 2012 WL 5077137, at *7 (9th Cir. Oct.19, 2012) (en banc) (aliens who are inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) are not eligible for adjustment of status under 8 U.S.C. § 1255(i)).

Rivas–Solis points to no authority to support his contention that the BIA was required to issue a precedential decision in his case.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.